# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

|  |  |
|---|---|
| ETHAN RADVANSKY, on behalf of himself and those similarly situated, | Case No. 3:23-cv-00214-TCB |
|     Plaintiff, | |
| v. | |
| KENDO HOLDINGS, INC., d/b/a Fenty Beauty, | |
|     Defendants. | |

**DEFENDANT KENDO HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................1

II.   ARGUMENT................................................................................2

A.   Plaintiff's Interpretation Directly Conflicts with the TCPA's
Plain Text and is in Stark Tension with Supreme Court and
Eleventh Circuit Precedent................................................................2

B.   The 2003 FCC Order Did Not and Cannot Establish a Private
Right of Action that Congress did not Create .....................................10

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alabama v. PCI Gaming Auth.*,
   801 F.3d 1278 (11th Cir. 2015) ...........................................................................13

*Alaska Dep't of Envtl. Conservation v. Envtl. Prot. Agency*,
   540 U.S. 461 (2004)...............................................................................................5

*Alexander v. Sandoval*,
   532 U.S. 275 (2001).............................................................................................2, 9

*Animal Legal Def. Fund v. U.S. Dep't of Agric.*,
   789 F.3d 1206 (11th Cir. 2015) .............................................................................9

*Atkinson v. Choice Home Warranty*,
   2023 WL 166168 (D. N.J. Jan. 11, 2023)...............................................................6

*Barr v. Am. Ass'n of Pol. Consultants*,
   140 S. Ct. 2335 (2020)...........................................................................................3

*Barton v. JMS Assoc. Mktg., LLC*,
   2023 WL 2009925 (9th Cir. Feb. 13, 2023) ...........................................................6

*Barton v. Temescal Wellness, LLC*,
   525 F. Supp. 3d 195 (D. Mass. 2021).....................................................................7

*Boardman v. Green Dot Corp.*,
   2021 WL 3699856 (W.D.N.C. Aug. 19, 2021) ......................................................6

*Boger v. Citrix Sys., Inc.*,
   2020 WL 1033566 (D. Md. Mar. 3, 2020) ..............................................................7

*Breslow v. Wells Fargo Bank, N.A.*,
   755 F.3d 1265 (11th Cir. 2014) ..............................................................................3

*Callier v. Nat'l United Grp., LLC*,
   2021 WL 5393829 (W.D. Tex. Nov. 17, 2021).......................................................9

*Cannon v. Univ. of Chicago*,
   441 U.S. 677 (1979)...............................................................................................13

*Chennette v. Porch.com, Inc.*,
   50 F.4th 1217 (9th Cir. 2022) ...............................................................8

*Clark v. Allied Interstate LLC*,
   No. 1:16-cv-02409-MHC-RGV, 2017 U.S. Dist. LEXIS 109037
   (N.D. Ga. Jan. 20, 2017) .......................................................................4

*Clemons v. Bradford O'Neil Agency, LLC*,
   2021 WL 6062491 (E.D. Mo. Dec. 22, 2021) .....................................14

*Cooper Indus., Inc. v. Aviall Servs. Inc.*,
   543 U.S. 157 (2004)...............................................................................6

*Cordoba v. DIRECTV, LLC*,
   942 F.3d 1259 (11th Cir. 2019) .............................................................8

*Correll v. Iconic Mortg. Corp.*,
   2021 WL 5014122 (S.D. Fla. Feb. 8, 2021) ..................................12, 13

*Cunningham v. Cap. Advance Sols., LLC*,
   2018 WL 6061405 (D.N.J. Nov. 20, 2018) ...........................................7

*Dudley v. Vision Solar, LLC*,
   2021 WL 3077557 (E.D. Pa. Jul. 21, 2021) ..........................................7

*Ernst & Ernst v. Hochfelder*,
   425 U.S. 185 (1976)..............................................................................11

*Escano v. RCI LLC*,
   2022 WL 17251273 (D.N.M. Nov. 28, 2022) .......................................7

*Ewing v. CSOLAR*,
   2022 WL 4449326 (S.D. Cal. Sept. 22, 2022).......................................7

*Facebook, Inc. v. Duguid*,
   141 S. Ct. 1163 (2021)..........................................................1, 2, 8, 14

*Fischman v. MediaStratX, LLC*,
   2021 WL 3559639 (E.D.N.C. Aug. 10, 2021).......................................7

*Gager v. Dell Fin. Servs., LLC*,
   727 F.3d 265 (3d Cir. 2013) ..................................................................3

*Gill v. Align Tech., Inc.*,
  2022 WL 1540016 (E.D. Wis. May 16, 2022) ....................................................7

*Glasser v. Hilton Grand Vacations Co., LLC*,
  948 F.3d 1301 (11th Cir. 2020) ..........................................................1, 3, 14, 15

*Goldman v. HSI Fin. Servs., LLC*,
  No. 1:14-CV-00307-AT, 2014 U.S. Dist. LEXIS 189339 (N.D. Ga.
  Nov. 25, 2014) ....................................................................................................4

*Gorss Motels, Inc. v. Lands' End, Inc.*,
  997 F.3d 470 (2d Cir. 2021) .............................................................................14

*Gorss Motels, Inc. v. Safemark Sys.*,
  *LP*, 931 F.3d 1094 (11th Cir. 2019).................................................................14

*Hall v. Smosh Dot Com, Inc.*,
  72 4th 983, 990 (9th Cir. 2023) ...........................................................................8

*Hand v. Beach Entm't*,
  456 F. Supp. 3d 1099 (W.D. Mo. Apr. 27, 2020)..............................................10

*Hirsch v. USHealth Advisors, LLC*,
  337 F.R.D. 118 (N.D. Tex. Dec. 7, 2020) .........................................................10

*Hunsinger v. Alpha Cash Buyers, LLC*,
  2022 WL 562761 (N.D. Tex. Feb. 24, 2022) ......................................................6

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
  662 F.3d 1292 (11th Cir. 2011) ........................................................................14

*Kemen v. Cincinnati Bell Tel. Co. LLC*,
  2023 WL 361136 (S.D. Ohio Jan. 23, 2023) .......................................................6

*Long v. Cat Exteriors*,
  2022 WL 17744052 (W.D. Tex. Dec. 15, 2022).................................................7

*Love v. Delta Air Lines*,
  310 F.3d 1347 (11th Cir. 2002) ...............................................................2, 9, 11

*Mais v. Gulf Coast Collection Bureau, Inc.*,
  768 F.3d 1110 (11th Cir. 2014) ........................................................................12

iv

*Mantha v. QuoteWizard.com, LLC*,
  2022 WL 325722 (D. Mass. Feb. 3, 2022) ...........................................................5

*McDermet v. DirecTV, LLC*,
  2021 WL 217336 (D. Mass. Jan. 21, 2021).........................................................7

*Mestas v. CHW Grp. Inc.*,
  508 F. Supp. 3d 1011 (D.N.M. Dec. 16, 2020) .................................................10

*Miholich v. Senior Life Ins. Co.*,
  2022 WL 1505865 (S.D. Cal. May 12, 2022) .....................................................7

*Murphy v. DCI Biologicals Orlando, LLC*,
  797 F.3d 1302 (11th Cir. 2015) ........................................................................12

*Noviello v. Holloway Funding Grp.*,
  2023 WL 128395 (N.D. Tex. Jan. 9, 2023) .........................................................7

*Osorio v. State Farm Bank, F.S.B.*,
  746 F.3d 1242 (11th Cir. 2014) ...............................................................1, 3, 4, 6

*Pinares v. United Techs. Corp.*,
  973 F.3d 1254 (11th Cir. 2020) ..........................................................................9

*Rahn v. Bank of Am.*,
  No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171
  (N.D. Ga. June 23, 2016)....................................................................................4

*Regions Bank v. Legal Outsource PA*,
  936 F.3d 1184 (11th Cir. 2019) ........................................................................15

*Rose v. New TSI Holdings, Inc.*,
  2022 WL 912967 (S.D.N.Y. March 28, 2022) ....................................................7

*Russello v. United States*,
  464 U.S. 16 (1983)..............................................................................................9

*Sagar v. Kelly Auto. Grp., Inc.*,
  2021 WL 5567408 (D. Mass. Nov. 29, 2021) ...................................................14

*Salcedo v. Hanna*,
  936 F.3d 1162 (11th Cir. 2019) ...................................................................3, 15

*Smith v. Truman Road Dev., LLC,*
2020 WL 2044730 (W.D. Mo. Apr. 28, 2020) ...................................................10

*Spurlark v. Dimension Serv. Corp.,*
2022 WL 2528098 (S.D. Ohio Jul. 7, 2022).......................................................7

*Stevens-Bratton v. TruGreen, Inc.,*
437 F. Supp. 3d 648 (W.D. Tenn. Feb. 4, 2020) ................................................6

*Strange v. ABC Co.,*
2021 WL 798870 (W.D. La. Mar. 1, 2021)........................................................6

*Tessu v. AdaptHealth, LLC,*
2023 WL 5337121 (D. Md. Aug. 17, 2023) .................................................6, 14

*Touche Ross & Co. v. Redington,*
442 U.S. 560 (1979).......................................................................................13

*Turizo v. Subway Franchise Advert. Fund Trust Ltd.,*
603 F. Supp. 3d 1334 (S.D. Fla. 2022) .............................................................14

*Valdes v. Century 21 Real Estate, LLC,*
2019 WL 5388162 (D.N.J. Oct. 21, 2019) ........................................................7

*Worsham v. Travel Options, Inc.,*
2016 WL 4592373 (D. Md. Sep. 2, 2016) .........................................................7

## Statutes

28 U.S.C. § 2342 ............................................................................................13

47 U.S.C. § 227(b)(1)......................................................................................10

47 U.S.C. § 227(b)(1)(A) ...............................................................4, 5, 7, 10, 11, 12

47 U.S.C. § 227(b)(1)(B) .............................................................................3, 4, 5

47 U.S.C. § 227(c) ...........................................1, 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15

47 U.S.C. § 227(c)(1).....................................................................................8, 11

47 U.S.C. § 227(c)(3).........................................................................................8

47 U.S.C. § 227(c)(5)..................................................................................2, 4, 11

47 C.F.R. § 64.1200(c)..........................................................................................4, 10

47 C.F.R. § 64.1200(d) ...............................................................................................7

47 C.F.R. § 64.1200(e)........................................................................................10, 11

## I.    INTRODUCTION

Plaintiff advances an interpretation of 47 U.S.C. § 227(c) that conflicts with the plain language of the statute and established case law confirming that the TCPA distinguishes between calls to "residential" and "cellular" phone lines, where provisions aimed at *residential* telephone lines do not apply to *cellular* phones. Without analyzing the text and structure of the TCPA, Plaintiff argues that "residential telephone" in § 227(c) encompasses cell phones, which is inconsistent with how that term is used in the TCPA, and deviates from Supreme Court and Eleventh Circuit cases upholding this statutory distinction. *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 (2021); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014). Ignoring the statutory framework, Plaintiff relies on the FCC's 2003 order expanding the Do-Not-Call ("DNC") registry to wireless subscribers, and cites cases that have largely assumed (without analyzing the issue) that the new rule issued by the FCC automatically conferred a private right of action under 47 U.S.C. § 227(c) to cell phone users, even though the statute clearly states that this remedy is afforded to only "residential" telephone subscribers. Contrary to Plaintiff's contention, there is no Eleventh Circuit decision holding that the 2003 FCC Order is binding on this issue – indeed, the Eleventh Circuit has, in another context, rejected the 2003 order's "expansive interpretation" of the TCPA as inconsistent with the statute's plain text. *See Glasser v. Hilton Grand Vacations Co.,*

*LLC*, 948 F.3d 1301, 1308-10 (11th Cir. 2020) (refusing to adopt the FCC's construction of the autodialer provision based on an "all-encompassing view of the law's purpose"). The 2003 FCC Order therefore does not supersede the statute, nor does it foreclose dismissal of this suit based on the straightforward application of § 227(c), because federal regulations cannot create a cause of action – that prerogative rests solely with Congress. While the FCC extended DNC protections to wireless subscribers, Congress did not create a private right of action for calls to cell phone numbers on the DNC list. Thus, an alleged violation of the FCC order does not establish a private remedy under 47 U.S.C. § 227(c)(5) because "such a right may not be created or conferred by regulations promulgated to interpret and enforce it." *Love v. Delta Air Lines*, 310 F.3d 1347, 1353 (11th Cir. 2002) (citing *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)).

## II.   ARGUMENT

### A.   Plaintiff's Interpretation Directly Conflicts with the TCPA's Plain Text and Is in Stark Tension with Supreme Court and Eleventh Circuit Precedent.

Contrary to Plaintiff's argument that "residential telephones and wireless telephones are not mutually exclusive," Opp. at 14, the TCPA draws a clear distinction between "residential" and "cellular" phone lines, where calls to "home phones and cell phones" are "separately prohibit[ed]" under the TCPA. *Duguid*, 141 S. Ct. at 1173. Consequently, as the Eleventh Circuit has ruled, the provisions of the

TCPA that govern *residential* phone calls do not apply to calls made to *cellular* numbers. *See Osorio*, 746 F.3d at 1250 (ruling that 47 U.S.C. § 227(b)(1)(B), which prohibits artificial/prerecorded calls to a "residential telephone line," does not extend to calls made to a "cell-phone number"). The TCPA's differentiation between calls to cellular and residential phone lines is, accordingly, firmly established. *See also Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335, 2345 & n.3 (2020) (confirming that "the TCPA's separate restriction on robocalls to home phones" was not implicated in the appeal challenging "robocalls to cell phones"); *Glasser*, 948 F.3d at 1305 (construing "residential telephone line" in 47 U.S.C. § 227(b)(1)(B) to refer to landlines, in ruling that § 227(b)(1)(A)'s "prohibition on using auto-dialers does not apply to residential land lines"); *Salcedo v. Hanna*, 936 F.3d 1162, 1170 (11th Cir. 2019), abrogated on other grounds in *Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) (discussing the TCPA's distinction between calls to cell phones and calls to a "residential telephone line" in concluding that there was "less congressional concern about calls to cell phones"); *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) (affirming district court ruling explaining that "practical realities support a distinction between residential and cellular lines").

Plaintiff offers no principled basis to reject the statutory distinction upheld by the Supreme Court, the Eleventh Circuit, and many other courts.[1] The opposition

---

[1] *See, e.g.*, *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir. 2013) (ruling

attempts to distinguish *Duguid*, *Osorio*, and *Breslow* simply for not "referenc[ing] 47 C.F.R. § 64.1200(c)(2) or 47 U.S.C. § 227(c)(5)," Opp. at 15-16, but ignores the construction made plain by the TCPA, which references cellular telephones as distinct from residential telephones in provisions *throughout the statute*.[2] Plaintiff does not address, and thus fails to distinguish, the statutory analysis set forth in *Osorio*, which held that an FCC rule promulgated under the TCPA's restriction on autodialed calls to "any residential telephone line" did not apply to calls to cell phone numbers. *Osorio*, 746 F.3d at 1250. While *Osorio* considered a different provision of the TCPA, its reasoning and construction applies equally to § 227(c).

Disregarding Eleventh Circuit guidance, Plaintiff relies instead on an

---

that the TCPA's exemptions for debt collection calls "do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land lines"); *Clark v. Allied Interstate LLC*, No. 1:16-cv-02409-MHC-RGV, 2017 U.S. Dist. LEXIS 109037, at *6 (N.D. Ga. Jan. 20, 2017) ("The TCPA has separate provisions addressing residential phone calls and cellular phone calls."); *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *13 (N.D. Ga. June 23, 2016) ("The statute clearly differentiates between calls to residential lines (covered by § 227(b)(1)(B)) and calls to cellular and other types of mobile lines (§ 227(b)(1)(A)) . . . ."); *Goldman v. HSI Fin. Servs., LLC*, No. 1:14-CV-00307-AT, 2014 U.S. Dist. LEXIS 189339, at *5 (N.D. Ga. Nov. 25, 2014) ("As the TCPA is codified, automated calls to residential landlines fall under 47 U.S.C. § 227(b)(1)(B) while automated calls to cellular telephones fall under 47 U.S.C. § 227(b)(1)(A)(iii).").

[2] *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting prerecorded calls to "any telephone number assigned to a . . . cellular telephone service"), *with id.* § 227(b)(1)(B) (prohibiting the same prerecorded calls to "any residential telephone line"); *see also id.* § 227(b)(2)(H) (authorizing the FCC to limit debt collection calls made to numbers assigned to a "cellular telephone service," but omitting any reference to debt collection calls made to residential telephone lines).

unreported District of Massachusetts case rejecting the "contention that the statute divides cellular phones and residential phones into two discrete and exclusive worlds," in favor of a "functional" interpretation where cellular phone lines may qualify as "residential" phone lines. *Mantha v. QuoteWizard.com, LLC*, 2022 WL 325722, at *4 (D. Mass. Feb. 3, 2022). But *Mantha*'s reasoning is flawed. The court did not define "residential" relative to its actual usage in the TCPA (evidenced by the statutory text and structure), and merely assumed (without support) that because Congress did not use "technical language such as 'landline,'" it "opted for a functional term" where "residential telephone" includes "a wireless or cellular telephone number." *Id.*

Applying this "functional" definition of "residential" creates interpretative problems when analyzing the overall structure of the TCPA. If "residential telephone" includes cell phones, the TCPA's prohibition against calls made "to any residential telephone line using an artificial or prerecorded voice" under 47 U.S.C. § 227(b)(1)(B), would make redundant the separate restriction against calls made using "an artificial or prerecorded voice" to cellular and other wireless lines under 47 U.S.C. § 227(b)(1)(A), undermining a "cardinal principle of statutory construction" that requires avoiding a construction that renders any language "superfluous, void, or insignificant." *Alaska Dep't of Envtl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 489 n.13 (2004) (internal quotation marks omitted);

*Cooper Indus., Inc. v. Aviall Servs. Inc.*, 543 U.S. 157, 166 (2004) (courts are "loath" to render part of a statute superfluous). Further, Plaintiff's interpretation of "residential" conflicts with how that term is construed in other TCPA provisions, where the Eleventh Circuit has held that exemptions provided for certain calls to "residential telephone" lines do not apply to the same type of calls made to cellular phone lines. *Osorio*, 746 F.3d at 1250. Thus, Plaintiff's alternative construction of "residential telephone" is inconsistent with how Congress used the term in the TCPA, and is at odds with Eleventh Circuit precedent.[3]

---

[3] Accordingly, cases cited by Plaintiff that "do not read the TCPA to draw an express distinction between a residential telephone and a cellular telephone" cannot be reconciled with the construction held in *Osorio*, and others even acknowledge that there is a split of authority on this issue in other jurisdictions. *See Tessu v. AdaptHealth, LLC*, 2023 WL 5337121, at *3 n.1 (D. Md. Aug. 17, 2023); *Barton v. JMS Assoc. Mktg., LLC*, 2023 WL 2009925, at *2 (9th Cir. Feb. 13, 2023) (appeal of default judgment motion that did not analyze statutory construction of "residential"); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2023 WL 361136 (S.D. Ohio Jan. 23, 2023) (citing *Mantha* in stating that cell phones can be "residential" but finding the presumption based on the FCC rule did not apply to that case); *Atkinson v. Choice Home Warranty*, 2023 WL 166168 (D. N.J. Jan. 11, 2023) (citing *Mantha*); *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *2 n.3 (N.D. Tex. Feb. 24, 2022) ("recogniz[ing] that there is a split among district courts over whether cellular telephone owners, as a matter of law, can be residential telephone subscribers," and stating "the court may reconsider this conclusion at a later stage"); *Boardman v. Green Dot Corp.*, 2021 WL 3699856, at *2 (W.D.N.C. Aug. 19, 2021) (finding "no clear consensus" on this issue in the Fourth Circuit and elsewhere); *Strange v. ABC Co.*, 2021 WL 798870, at *3 (W.D. La. Mar. 1, 2021) (citing FCC rule on default judgment motion but noting that other courts have dismissed claims "after concluding that Section 22(c)(5) does not encompass calls to cell phones"); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. Feb. 4, 2020) (noting "[s]ome courts have found that call to cellular telephones . . . categorically fail to satisfy the 'residential telephone subscriber' element").

Neither *Drazen* nor *Cordoba* suggests a different interpretation, where the Court in those cases did not consider the issue or hold that "residential" telephone lines include cellular phones. *See Drazen*, 74 F.4th at 1340, 1343 n.5 (analyzing standing for an alleged violation of 47 U.S.C. § 227(b)(1)(A)(iii) for autodialed calls to cell phones, and clarifying that its holding that an unauthorized text confers Article III jurisdiction does not go the "merits" of the claim, in response to defendant's contention that the statute is "silent" on its applicability to text

---

For other cases, the defendant either conceded that cell phones can qualify as residential phones (*Rose v. New TSI Holdings, Inc.*, 2022 WL 912967, at *2 (S.D.N.Y. March 28, 2022); *Dudley v. Vision Solar, LLC*, 2021 WL 3077557, at *5 (E.D. Pa. Jul. 21, 2021)), or did not raise the interpretive issue (*Ewing v. CSOLAR*, 2022 WL 4449326, at *3 (S.D. Cal. Sept. 22, 2022) (default judgment); *McDermet v. DirecTV, LLC*, 2021 WL 217336, at *12 (D. Mass. Jan. 21, 2021) (finding lack of direct or vicarious liability); *Boger v. Citrix Sys., Inc.*, 2020 WL 1033566, at *4 (D. Md. Mar. 3, 2020); *Escano v. RCI LLC*, 2022 WL 17251273, at *16 (D.N.M. Nov. 28, 2022); *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195, 202 (D. Mass. 2021); *Valdes v. Century 21 Real Estate, LLC*, 2019 WL 5388162, at *3 (D.N.J. Oct. 21, 2019); *Cunningham v. Cap. Advance Sols., LLC*, 2018 WL 6061405, at *4 (D.N.J. Nov. 20, 2018); *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *6 (D. Md. Sep. 2, 2016) (default); *Long v. Cat Exteriors*, 2022 WL 17744052, at *4 (W.D. Tex. Dec. 15, 2022)), or the court simply did not address challenges based on the distinction drawn by Eleventh Circuit cases (*see Noviello v. Holloway Funding Grp.*, 2023 WL 128395 (N.D. Tex. Jan. 9, 2023) (addressing mixed use purposes); *Spurlark v. Dimension Serv. Corp.*, 2022 WL 2528098, at *4 (S.D. Ohio Jul. 7, 2022) (challenging sufficiency of mixed use purpose of cell phone); *Gill v. Align Tech., Inc.*, 2022 WL 1540016, at *2-3 (E.D. Wis. May 16, 2022) (same issue for alleged violation of 47 C.F.R. § 64.1200(d)); *Miholich v. Senior Life Ins. Co.*, 2022 WL 1505865, at *3 (S.D. Cal. May 12, 2022) (mixed use issue); *Fischman v. MediaStratX, LLC*, 2021 WL 3559639, at *4-5 (E.D.N.C. Aug. 10, 2021) (analyzing whether § 64.1200(d) was promulgated under 47 U.S.C. § 227(c) or (d), without addressing whether cell phones can qualify as "residential" phones)).

messages); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1264-65 (11th Cir. 2019) (holding that class members who did not ask defendant to stop calling did not have standing to assert a TCPA claim for an alleged violation of the FCC regulation requiring telemarketers to maintain internal DNC lists).[4]

Consistent with the Eleventh Circuit's interpretation of "residential" as distinct from cellular telephones, a proper reading of the statute compels dismissal because § 227(c) creates a private right of action only for violations of regulations that "protect *residential* telephone subscribers' privacy rights," but omits any reference to cellular phones. *See* 47 U.S.C. § 227(c)(1) & (c)(3) (emphasis added) (permitting the FCC to promulgate rules "to protect residential telephone subscribers' privacy rights" by establishing a "database to compile a list of telephone numbers of *residential* subscribers who object to receiving telephone solicitations"). Considering that Congress knew of and separately regulated calls to cell phones, *Duguid*, 141 S. Ct. at 1172, Congress chose not to extend the relief provided to residential telephone subscribers to cell phone users by omitting any reference to

---

[4] Other standing cases cited by Plaintiff likewise do not resolve this issue. *See Hall v. Smosh Dot Com, Inc.*, 72 4th 983, 990 (9th Cir. 2023) (addressing whether the subscriber of a phone who is not the primary user suffers an injury in fact, but clarifying that an analysis of the merits of the claim "has no bearing on the question of Article III standing"); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022) (relying on the FCC order concluding that a cell phone registered on DNC registry is presumptively residential, without reconciling the distinction between residential and cellular phones shown throughout the statute).

cellular telephones in § 227(c). *See Pinares v. United Techs. Corp.*, 973 F.3d 1254, 1262 (11th Cir. 2020) ("[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)); *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1217 (11th Cir. 2015) ("Where Congress knows how to say something but chooses not to, its silence is controlling.").

The Supreme Court further instructs that "[l]ike substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Sandoval*, 532 U.S. at 286-87. Thus, courts must "[f]irst and foremost . . . look to the statutory text for 'rights-crating' language." *Love*, 310 F.3d at 1352 (quotations omitted). If a statute does not reflect "an intent to create not just a private right but also a private remedy," then "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Sandoval*, 532 U.S. at 286-87. Cases cited by Plaintiff do not analyze the separate issue (instructed by *Sandoval*) of whether a private claim exists for calls to registered cell phone numbers, independent of an alleged violation of the FCC order.[5]

---

[5] *See, e.g.*, *Callier v. Nat'l United Grp., LLC*, 2021 WL 5393829, at *9 (W.D. Tex.

Accordingly, based on the clear text of the statute, no private right of action was created under 47 U.S.C. § 227(c) for cell phone users.

**B.     The 2003 FCC Order Did Not and Cannot Establish a Private Right of Action that Congress Did Not Create.**

The FCC's 2003 order extending DNC protections to wireless subscribers did not expand the scope of the relief afforded under 47 U.S.C. § 227(c). Even the FCC's own understanding confirms that the rights created under § 227(c) for "residential telephone subscribers" were not expressly provided to wireless subscribers. Unlike the original rule under 47 C.F.R. § 64.1200(c), which tracks the statutory language in restricting telephone solicitations to *residential telephone subscribers*, the FCC's 2003 order allowing cell phone users to register on the DNC list was not predicated on § 227(c). Instead, the FCC expressly relied on 47 U.S.C. § 227(b)(1) (restricting autodialed and prerecorded calls to cell phone numbers) to create a separate rule, codified at 47 C.F.R. § 64.1200(e), extending DNC protections to cell phone users. 2003 FCC Order ¶ 36 (finding it "more consistent" to construe § 227(b)(1)(A)(iii) as "allow[ing] wireless subscribers to benefit from the full range of TCPA protections"). But Plaintiff does not assert a claim under § 227(b), and nothing in the

---

Nov. 17, 2021); *Hand v. Beach Entm't*, 456 F. Supp. 3d 1099, 1120 (W.D. Mo. Apr. 27, 2020); *Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1028 (D.N.M. Dec. 16, 2020); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. Dec. 7, 2020); *Smith v. Truman Road Dev., LLC*, 2020 WL 2044730, at *10 (W.D. Mo. Apr. 28, 2020), *aff'd sub nom. Beal v. Outfield Brew House, LLC*, 29 F.4th 391 (8th Cir. 2022) (affirming dismissal).

2003 FCC Order establishes a private right of action under § 227(c) for calls made to cell phone numbers – nor could it, because "such a right may not be created or conferred by regulations promulgated to interpret and enforce it," and the FCC's grant of rulemaking authority under § 227(c) was explicitly limited to creating a DNC registry for "residential telephone subscribers." *Love*, 310 F.3d at 1353 (ruling that Congress did not create a private right of action when it enacted the Air Carrier Access Act prohibiting air carriers from discriminating against disabled individuals).

In other words, while the FCC's 2003 order may permit cell phone users to add their numbers to the DNC list, calls to registered cell phone numbers (which may result in actions brought by the FCC or state attorney generals) do not give rise to a private claim for statutory damages under 47 U.S.C. § 227(c)(5). Congress restricted that particular remedy to "violation[s] of the regulations prescribed under this subsection," which specifies in § 227(c)(1) that such rules are to "protect residential telephone subscribers' privacy rights," and does not include cell phone users. By the express terms of the statute, the 2003 FCC order, codified at 47 C.F.R. § 64.1200(e), cannot be deemed a rule prescribed by § 227(c) – and the order itself makes clear that the FCC expressly invoked 47 U.S.C. § 227(b)(1)(A)(iii) as the basis for the new rule. 2003 FCC Order ¶¶ 33, 35-36 & n.131, 137; *see also Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213-14 (1976) ("The rulemaking power granted to an administrative agency charged with the administration of a federal statute is

not the power to make law. Rather, it is 'the power to adopt regulations to carry into effect the will of Congress *as expressed by the statute*.'" (emphasis added)). Thus, an alleged violation of the 2003 order does not state a claim under § 227(c).

The Hobbs Act does not bar this Court from applying this straightforward construction because the Court need not consider or review the validity of the 2003 order to conclude that the private remedy created under § 227(c), a separate right created by Congress, does not extend to calls to cell phone numbers on the DNC list. Plaintiff argues that the 2003 FCC Order is binding regardless of the Court's own independent judgment because, "rightly or wrongly," "final FCC orders" cannot be challenged. Opp. at 8-9 (quoting *Correll v. Iconic Mortg. Corp.*, 2021 WL 5014122, at *3-5 (S.D. Fla. Feb. 8, 2021)). While the Eleventh Circuit has said that a district court "may only consider whether the alleged action violates FCC rules or regulations," *Murphy* and *Mais* (which address consent) do not hold that a district court is barred from considering the separate issue of whether a private right of action exists for the alleged violation, even if it does not challenge or "discard[] the administrative agency's rulemaking determination." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015) (affirming the FCC's interpretation of "prior express consent" as applied to the autodialer provision under 47 U.S.C. § 227(b)(1)(A)(iii)); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115-19 (11th Cir. 2014) (ruling that the district court erred in concluding,

contrary to the FCC's 2008 ruling, that the provision of plaintiff's phone number on hospital admission documents did not constitute prior express consent to receive autodialed or prerecorded calls because "the TCPA permits the FCC to create exemptions 'by rule or order'" for such calls).

Unlike the issue presented in *Correll*, 2021 WL 5014122, at *3, where the defendant premised its argument on finding that the FCC exceeded the scope of its authority, the Court need not reach that determination here, because even accepting Plaintiff's allegations as true, "[i]t is well established that the mere 'fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'" *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1293-94 (11th Cir. 2015) (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)); *see also Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Whether Congress created a private claim for the alleged violation, regardless of the validity of the FCC order, is a separate issue and does not (directly or indirectly) require this Court "to enjoin, set aside, suspend . . . or to determine the validity of" the 2003 order. 28 U.S.C. § 2342. The Hobbs Act is therefore not implicated.[6]

---

[6] Cases like *Correll* declining to find that the FCC exceeded its authority because the district court could not consider the validity of the FCC regulations, do not analyze whether a violation of the FCC rule separately gives rise to a private remedy under § 227(c), notwithstanding the clear directives under *Sandoval* that a regulation interpreting the statute does not confer a private right of action if the statute itself

Nor are the policy directives of the 2003 FCC order entitled to deference because the statute unambiguously provides that only calls to residential phone subscribers are actionable. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1320 (11th Cir. 2011) (rejecting *Chevron* deference where the statutory language was clear and unambiguous). Moreover, the U.S. Supreme Court and Eleventh Circuit have ruled that a broad reading of legislative intent cannot justify an expansion of liability beyond the TCPA's plain terms. *Duguid*, 141 S. Ct. at 1172 (reversing the Ninth Circuit's autodialer definition that aligned with the FCC's interpretation and adopting a construction based on the "narrow statutory design" and the "clear commands" of the statutory text); *Glasser*, 948 F.3d at 1309 (same). Current TCPA jurisprudence therefore counsels against interpreting the statute based

---

does not create such a right. *See Clemons v. Bradford O'Neil Agency, LLC*, 2021 WL 6062491, at *4 (E.D. Mo. Dec. 22, 2021); *Tessu*, 2023 WL 5337121, at *4-5; *Sagar v. Kelly Auto. Grp., Inc.*, 2021 WL 5567408, at *6 (D. Mass. Nov. 29, 2021); *Turizo v. Subway Franchise Advert. Fund Trust Ltd.*, 603 F. Supp. 3d 1334, 1341 (S.D. Fla. 2022). Plaintiff's arguments based on the Hobbs Act are further undermined by more recent jurisprudence. *See Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1102-03 (11th Cir. 2019) (indicating that *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (2019) has put into question the court's prior ruling that district courts lacked jurisdiction to consider challenges to FCC orders; citing concurring opinions by Thomas, J. and Kavanaugh, J., 139 S. Ct. at 2056, 2062); *id.* at 1106 (Pryor, J., concurring) (urging the Eleventh Court to follow the concurring opinion in *PDR Network*); *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 477 n.4 (2d Cir. 2021) ("it is an open question whether we must defer to the FCC's orders interpreting the TCPA," citing *PDR Network*). In any event, the Court need not invalidate the 2003 FCC order (or consider its validity) to conclude that a violation does not give rise to a private cause of action under 47 U.S.C. § 227(c).

on expansive policy objectives.[7] Indeed, the Eleventh Circuit found that the FCC's 2003 order "tried to use a broad 'reading of the legislative history' and an all-encompassing view of the law's purpose to expand the statute's coverage," and refused to uphold an "administrative expansion of coverage" that could not be reconciled with the statutory text. *Glasser*, 948 F.3d at 1309. The FCC's interpretation of congressional intent is also not supported by the legislative history.[8]

Accordingly, a private remedy under 47 U.S.C. § 227(c) does not exist for cell phone users who have registered their cell phone numbers on the DNC registry.

Respectfully submitted this 28th day of February, 2024.

/s/ Steven J. Rosenwasser

Steven J. Rosenwasser (SBN GA 614908)
Greenberg Traurig, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  678.553.7388
Facsimile:   678.553.2212
Email:         Steven.Rosenwasser@gtlaw.com

Lori Chang (*pro hac vice*)
Greenberg Traurig, LLP

---

[7] *See also Regions Bank v. Legal Outsource PA*, 936 F.3d 1184, 1195 (11th Cir. 2019) (rejecting the view that "remedial legislation should be construed broadly to effectuate its purpose," finding based on Supreme Court case law that this "widely criticized 'canon' of interpretation" was "of dubious value").

[8] The TCPA's legislative findings express concerns about unsolicited calls to residential lines, i.e., calls "to the *home*," in contrast to calls to cell phones. *Salcedo*, 936 F.3d at 1169 (finding the "privacy and nuisance concerns about residential telemarketing are less clearly applicable to text messaging"). Congress promulgated "different rules" for distinct types of calls. *Id.*

15

1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone:  310.586.7700
Facsimile:  310.586.7800
Email:       changl@gtlaw.com

*Attorneys for Defendant Kendo Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on February 28, 2024, I electronically filed the foregoing DEFENDANT KENDO HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the CM/ECF efiling system, which will automatically send email notification of such filing to attorneys of record.

This 28th day of February, 2024.


*/s/ Steven J. Rosenwasser*

Steven J. Rosenwasser (SBN GA 614908)