## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, on behalf of himself and those similarly situated, | |
| Plaintiff, | Case No. 3:23-cv-00214-LMM |
| v. | |
| KENDO HOLDINGS, INC., d/b/a Fenty Beauty, | |
| Defendants. | |

## DEFENDANT KENDO HOLDINGS, INC.'S UNOPPOSED MOTION FOR STAY OF PROCEEDINGS, ENTRY OF BRIEFING SCHEDULE, AND MEMORANDUM IN SUPPORT

Defendant Kendo Holdings, Inc. ("Kendo") respectfully moves the Court for a stay of proceedings and entry of a briefing schedule in light of a June 20, 2025, Supreme Court decision that Kendo believes will be dispositive of this case. Plaintiff has informed Kendo that it consents to the requested stay and briefing schedule.

By way of background, Plaintiff filed a putative class action against Kendo based on text messages he allegedly received in violation of the Telephone Consumer Protection Act ("TCPA"). DE 1. This case was assigned to Judge Batten and transferred to Judge May on May 27, 2025. At that time, proceedings were stayed pending the outcome of *McLaughlin Chir. Assocs. v. McKesson Corp.*, No.

23-1226, *cert. granted* 2024 WL 4394119, at *1 (U.S. Oct. 4, 2024), which concerned whether the Hobbs Act requires district courts to treat as binding the Federal Communication Commission's ("FCC") interpretation of the TCPA.

Last Friday, the Supreme Court answered that question: "The Hobbs Act does not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct." *McLaughlin Chiropractic Assoc., Inc., v. McKesson Corp., et al.*, 600 U.S. ___, 2025 WL 1716136, at *4 (June 20, 2025). That holding abrogates prior panel precedent, which required district courts to defer to FCC interpretations of the TCPA.[1]

This matters because the Court previously held that the Hobbs Act barred Kendo's principal argument for dismissal, *i.e.*, that cell phone users like Plaintiff do not qualify as "residential telephone subscribers" under Section 227(c) of the TCPA. DE 16-1 at 2. The Court declined to reach that question because the FCC had interpreted Section 227(c) to include cell phone users, and under prior panel precedent, it was bound to follow that interpretation. *See* DE 28 at 15 ("Because the 2003 FCC order applies to section 227(c), the Court must defer to the FCC's

---

[1] *See, e.g.*, *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1096 (11th Cir. 2019) ("In *Mais*, we interpreted the Hobbs Act's grant of exclusive jurisdiction to the courts of appeals as stripping district courts of any power to consider the validity of the Commission's orders—in facial, preenforcement challenges to an agency order *and* private civil enforcement actions in which a party contests the order." (citing *Mais v. Gulf Coast Collection Bureau*, 768 F.3d 1110 (11th Cir. 2014)).

interpretation of "residential subscribers."); *see also id*. at 8–9 & n.2 (explaining that prior panel precedent foreclosed consideration of Kendo's argument).

In light of *McLaughlin*, Kendo intends to file a Rule 12 motion presenting the same argument this Court was previously prohibited to consider. Kendo respectfully submits that the Court should stay discovery pending resolution of its forthcoming Rule 12 motion and enter the attached briefing schedule.

More specifically, the basis for this motion is as follows:

1.     It is Kendo's position that cell phone users are not "residential telephone subscribers" under Section 227(c) of the TCPA, which, if correct, could be dispositive of Plaintiff's claims. Indeed, Kendo previously moved to dismiss the Complaint, arguing that Plaintiff could not assert a cause of action under the TCPA because the statutory provision and regulation conferring a private right of action under 47 U.S.C. § 227(c) apply only to "residential" telephone numbers, not cell phone numbers. *See* DE 16. This Court noted in its Order denying Kendo's Motion that it could not consider Kendo's argument because the FCC extended the TCPA's Do-Not-Call provisions to cellular telephones in a 2003 Order, and because the Eleventh Circuit has "established a strict view of district courts' power under the Hobbs Act." DE 28 at 5–9. Applying the Eleventh Circuit's prior panel precedent, as it was required to do, the Court could not reach Kendo's argument that cell phone users are not "residential telephone subscribers" under 47 U.S.C. § 227(c). *See id*.

2.    Kendo sought and obtained a certificate of immediate review to petition the Eleventh Circuit for permission to appeal the Court's Order. On September 23, 2024, the Court certified this question for review: "Does the Hobbs Administrative Orders Review Act ("Hobbs Act") require district courts to treat as binding the Federal Communications Commission's ("FCC") interpretation of the Telephone Consumer Protection Act (TCPA)?" DE 35 at 2. The Court stayed proceedings pending the outcome of Kendo's appeal. DE 35.

3.    Kendo promptly filed a Petition for Permission to Appeal with the Eleventh Circuit on October 3, 2024. One day after Kendo filed that Petition, the Supreme Court granted certiorari in *McLaughlin* to address an identical question: "Whether the Hobbs Act required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer Protection Act." *See* Order Granting Pet. (Oct. 4, 2024), *McLaughlin*, No. 23-1226. On March 26, 2025, the Court stayed proceedings pending the outcome of *McLaughlin*. DE 39.

4.    On June 20, 2025, the Supreme Court held that "[t]he Hobbs Act does not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct." *McLaughlin*, 600 U.S. ___, 2025 WL 1716136, at *4 (June 20, 2025). That holding abrogates this Court's prior panel precedent. Consequently, this Court can now consider—for the first time—Kendo's primary basis for dismissal.

5.    Resolution of the *McLaughlin* case terminated the stay that this Court entered on March 26, 2025. DE 39. As discussed below, the bases underlying the stay remain, *i.e.*, it would be inefficient and prejudicial to begin full-fledged class discovery prior to this Court resolving whether Plaintiff has even stated a claim.

## **Precise Relief Requested**

Kendo requests the entry of an Order staying this case pending resolution of its forthcoming Rule 12 motion and entering a briefing schedule on that motion.

## **Basis for Relief Requested**

A stay is appropriate under the Court's inherent powers under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), because staying proceedings pending resolution of Kendo's forthcoming Rule 12 motion will not unduly prejudice Plaintiff; the stay will streamline this litigation; and the stay will materially reduce the burden of litigation on the Parties and on the Court.

## **MEMORANDUM OF LAW**

### I.    **Legal Standard**.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In determining whether to grant a stay, courts consider: (1) whether a stay will unduly prejudice the non-moving party; (2) whether a stay will simplify the issues and

streamline the litigation; and (3) whether a stay will reduce the burden of litigation on the parties and on the Court. *See Am. Family Ins. Co. v. Almassud*, 2018 U.S. Dist. LEXIS 156029, at \*2 (N.D. Ga. Sept. 13, 2018); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

## II.    A Stay Is Warranted under the Court's Inherent Powers.

### A.    A stay will not unduly prejudice Plaintiff, who consents to the stay.

As evidenced by Plaintiff's consent to the stay, Plaintiff will suffer no prejudice, let alone undue prejudice, as a result of the requested stay. This case has been stayed pending resolution of *McLaughlin* because the Parties and Court recognized that the Supreme Court was poised to abrogate prior panel precedent that foreclosed consideration of Kendo's principal argument for dismissal. As a result, renewing the stay will prejudice neither party.

### B.    A stay will simplify the issues and streamline the case.

As explained above, the Parties previously moved to stay proceedings because the *McLaughlin* decision had the potential to abrogate prior panel precedent that precluded the Court from considering Kendo's primary argument for dismissal. The Court agreed and entered the stay, recognizing that *McLaughlin* could open the door for Kendo to present an argument that could be outcome dispositive. Now that the *McLaughlin* decision has abrogated the Eleventh Circuit's prior panel precedent, Kendo intends to file a Rule 12 motion that may dispose of the case entirely.

**C.     A stay will reduce the burden of litigation on the Parties and Court.**

Entering a stay will serve judicial economy and materially reduce the burden on both the Parties and the Court. Absent a stay, the Parties will incur great expense in discovery and class certification briefing, all of which may be unnecessary depending on this Court's resolution of Kendo's Rule 12 motion. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins.").

**D.     The Parties have agreed on a briefing schedule.**

The Parties have agreed on a briefing schedule for Kendo's forthcoming Rule 12 motion:  Kendo will file its motion on or before August 4, 2025; Plaintiff will file his response on or before September 4, 2025; and Kendo will file its reply on or before September 25, 2025. A proposed order is attached as Exhibit A.

## III.     Conclusion

This case turns on a potentially dispositive question of law that this Court was previously prohibited to consider under prior panel precedent. The Supreme Court abrogated that precedent just last week. Judicial economy warrants staying this case pending resolution of Kendo's forthcoming Rule 12 motion and entering the attached briefing schedule.

Respectfully submitted this 27th day of June, 2025.

*/s/ Steven J. Rosenwasser*
Steven J. Rosenwasser (SBN GA 614908)
William E. Eye (SBN GA 688914)
Greenberg Traurig, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  678.553.7388
Facsimile:  678.553.2212
Email:        Steven.Rosenwasser@gtlaw.com
                  eyew@gtlaw.com

Lori Chang (SBN CA 228142) (pro hac vice)
**Greenberg Traurig, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone:  310.586.7700
Facsimile:  310.586.7800
Email:        changl@gtlaw.com

*Attorneys for Defendant Kendo Holdings, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that the text of this document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Steven J. Rosenwasser*
Steven J. Rosenwasser (SBN GA 614908)

## **CERTIFICATE OF SERVICE**

This is to certify that on June 27, 2025, I electronically filed the foregoing **DEFENDANT KENDO HOLDINGS, INC.'S UNOPPOSED MOTION FOR STAY OF PROCEEDINGS, ENTRY OF BRIEFING SCHEDULE, AND MEMORANDUM IN SUPPORT** with the CM/ECF efiling system, which will automatically send email notification of such filing to attorneys of record.

This 27th day of June, 2025.


*/s/ Steven J. Rosenwasser*
Steven J. Rosenwasser (SBN GA 614908)