# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ethan Radvansky, *on behalf of himself and others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kendo Holdings, Inc., d/b/a Fenty Beauty,<br><br>　　　　　Defendant.<br>_____ | ) Case No.: 3:23-cv-00214-TCB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1. On August 4, 2025, Kendo Holdings, Inc., d/b/a Fenty Beauty ("Defendant") filed its memorandum in support of its motion for judgment on the pleadings, through which it contended that the Telephone Consumer Protection Act ("TCPA") at "227(c) applies only to 'calls' and not text messages," and that the TCPA "does not define telephone 'call' to include text messages." ECF No. 43-1 at 14.

2. On September 18, 2025, Ethan Radvansky ("Plaintiff") filed his response in opposition to Defendant's motion for judgment on the pleadings, through which he argued that the TCPA at 47 U.S.C. § 227(c) applies to text messages, and that a text message qualifies as a call under the TCPA. *See* ECF No. 46 at 19-24.

3. On October 23, 2025, Defendant filed its reply in support of its motion for judgment on the pleadings. *See* ECF No. 49.

4. On November 10, 2025—following the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), and after Plaintiff submitted his response in opposition to Defendant's motion for judgment on the pleadings—the United States District Court for the Southern District of California agreed "that a text message constitutes a telephone solicitation and call under the TCPA." *Esquivel v. Mona Lee, Inc.*, No. 3:25-CV-00607-H-BLM, 2025 WL 3275607, at *2-3. (S.D. Cal. Nov. 24, 2025)

5. In doing so, the Southern District of California rejected the position that "under statutory construction . . . a text message does not constitute a telephone solicitation or call under the TCPA." *Id*. at *2.

6. And following paragraphs of analysis, the Southern District of California concluded: "Given the language of the TCPA, precedent, and FCC regulatory guidance, the Court concludes that Plaintiff's allegations regarding Defendant's text messages rise to a cause of action under Section 227(c)(5)." *Id*. at *3.

7. Plaintiff therefore submits the Southern District of California's decision in *Esquivel* as supplemental authority in support of his response in opposition to Defendant's motion for judgment on the pleadings.

Date: December 3, 2025

/s/ Aaron D. Radbil
Aaron D. Radbil (*pro hac vice*)
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

2

Steve Koval
The Koval Firm, LLC
3575 Piedmont Rd NE
15 Piedmont Center Suite 120
Atlanta, GA 30305
Steve@KovalFirm.com

*Counsel for Plaintiff and the proposed class*