# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ethan Radvansky, *on behalf of himself and others similarly situated*, <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>Kendo Holdings, Inc., d/b/a Fenty Beauty, <br><br>　　　　　　Defendant. <br>_____ | ) Case No.: 3:23-cv-00214-TCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1. On August 4, 2025, Kendo Holdings, Inc., d/b/a Fenty Beauty ("Defendant") filed its memorandum in support of its motion for judgment on the pleadings, through which it contended that the Telephone Consumer Protection Act ("TCPA") at "227(c) applies only to 'calls' and not text messages," and that the TCPA "does not define telephone 'call' to include text messages." ECF No. 43-1 at 14.

2. On September 18, 2025, Ethan Radvansky ("Plaintiff") filed his response in opposition to Defendant's motion for judgment on the pleadings, through which he argued that the TCPA at 47 U.S.C. § 227(c) applies to text messages, and that a text message qualifies as a call under the TCPA. *See* ECF No. 46 at 19-24.

3. On October 23, 2025, Defendant filed its reply in support of its motion for judgment on the pleadings. *See* ECF No. 49.

4. On December 5, 2025—following the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), and after Plaintiff submitted his response in opposition to Defendant's motion for judgment on the pleadings—the United States District Court for the Southern District of New York wrote:

> The Court holds, in accord with a growing consensus of case law, that § 227(c) of the TCPA applies to text messages for multiple reasons, developed below. In brief, although modern parlance tends to distinguish between phone calls and text messages, the meaning of "telephone call" in 1991—when the TCPA was enacted—was broad enough to encompass text messages. The overwhelming weight of

> authority holds that § 227(b), a neighboring section using the same term, covers text messages, and the meaning of "telephone call" in § 227(c) is at least as broad as that in § 227(b). The FCC has also interpreted both § 227(b) and (c) to apply to text messages.
>
>           \*     \*     \*
>
> As reviewed above, the ordinary public meaning of "telephone call" in § 227(c) meant a communication by telephone, which encompasses text messages. That reading is supported by § 227(c)'s context and purpose; the uniform construction of neighboring § 227(b); the significant weight of case authority; and the FCC's consistent interpretation. The Court therefore holds that § 227(c) applies to text messages.

*Wilson v. Better Mortgage Corp.,* No. 25 CIV. 5503 (PAE), 2025 WL 3493815, at \*5-9 (S.D.N.Y. Dec. 5, 2025).

5. And through its analysis the Southern District of New York rejected a number of arguments that Defendant raises in its memorandum in support of its motion for judgment on the pleadings. *See id*.

6. Also worth mentioning, the Southern District of New York explained:

> District court decisions have largely held that § 227(c) applies to text messages. *See, e.g.*, *Mujahid*, 2025 WL 3140725, at \*3; *MEDVIDI*, 2025 WL 2856295, at \*2–4; *Skopos Fin.*, 2025 WL 2029274, at \*4–5; *Hudson*, 2024 WL 4190513, at \*8; *Pariseau*, 619 F. Supp. 3d at 1207; *Sagar v. Kelly Auto. Grp., Inc.*, No. 21 Civ. 10540, 2021 WL 5567408, at \*4–5 (D. Mass. Nov. 29, 2021); *see also Bosley v. A Bradley Hosp. LLC*, No. 25 Civ. 22336, 2025 WL 2686984, at \*5 (S.D. Fla. Sept. 19, 2025) (no dispute that § 227(c) applies to text messages); *Evers v. CampaignSidekick, LLC*, 2025 WL 2896818, at \*4 (N.D. Ill. Oct. 10, 2025) (same); *Connor v. Servicequick Inc.*, No. 24 Civ. 2286, 2025 WL 2855393, at \*2 (D. Colo. Oct. 8, 2025) (same). These decisions turned on statutory construction, not agency deference, and thus are not called into question by *Loper Bright*.

*See id*. at *9 (additionally noting that "the reasoning" in three contrary decisions is "flawed").

7.     Plaintiff therefore submits the Southern District of New York's decision in *Wilson* as supplemental authority in support of his response in opposition to Defendant's motion for judgment on the pleadings.

Date: December 8, 2025

*/s/ Aaron D. Radbil*
Aaron D. Radbil (*pro hac vice*)
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

Steve Koval
The Koval Firm, LLC
3575 Piedmont Rd NE
15 Piedmont Center Suite 120
Atlanta, GA 30305
Steve@KovalFirm.com

*Counsel for Plaintiff and the proposed class*

3