# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

ETHAN RADVANSKY, on behalf of
himself and those similarly situated,

     Plaintiff,

v.

KENDO HOLDINGS, INC., d/b/a Fenty
Beauty,

     Defendant.

Case No. 3:23-cv-00214-LMM

**DEFENDANT KENDO HOLDINGS, INC.'S SECOND NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

1.       On August 4, 2025, Defendant Kendo Holdings, Inc. ("Kendo") filed its Motion for Judgment on the Pleadings (the "Motion"), contending *inter alia* that Section 227(c) of the Telephone Consumer Protection Act ("TCPA") "applies only to 'calls' and not text messages." DE 43-1 at 14.

2.       On October 23, 2025, Kendo filed a Reply in Support of its Motion. DE 49.

3.       On December 3, 2025, the United States District Court for the Central District of California issued a decision "read[ing] the ordinary meaning of 'telephone call' to exclude 'text message.'" *Dilanyan v. Hugo Boss Fashions, Inc. et al*, No. 2:25-CV-05093-JLS, 2025 WL 3549868, at *2 (C.D. Cal. Dec. 3, 2025).

4.       The *Dilanyan* Court reasoned:

The Court reads the ordinary meaning of "telephone call" to exclude "text message." When the TCPA was enacted in 1991, text messaging did not exist, so the plain meaning of "telephone call" at the time could not possibly include a text message. *See Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025). And to the ordinary person today, telephone calls and text messages are two distinct forms of communication—one involves speaking with or attempting to speak with someone in real time, and the other involves a one-way, often written communication. As Defendant articulates, "[n]o ordinary user of the English language would write the sentence 'John called Sue' intending to mean 'John sent a text message to Sue.'"

Subsequent amendments to the TCPA support the Court's plain meaning analysis. After enacting § 227(c)(5), Congress amended § 227(e) of the TCPA, which prohibits the transmittal of a misleading phone number, by replacing the reference to "a call made using a telecommunications service or IP-enabled voice service" with "a call made using a voice service or a text message sent using a text

1

messaging service." See Consolidated Appropriations Act, 2018, H.R. 1625, 115th Cong., Pub. L. No. 115-141, div. P, § 503(a) (2018) (codified at 47 U.S.C. § 227(e)). That Congress updated § 227(e) to include text messages in addition to calls, but has not similarly amended § 227(c)(5), suggests that Congress views a text message as a distinct form of communication to which § 227(c)(5)'s private right of action does not apply. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (quoting *Kucana v. Holder*, 558 U.S. 233, 249 (2010)).

*Id*.

5.    The *Dilanyan* Court also rejected certain arguments that Plaintiff raised

in its Opposition to Kendo's Motion:

Plaintiff points to 47 C.F.R. § 64.1200(c)(1), the regulation promulgated under § 227(c), which prohibits the initiation of "any telephone solicitation to any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m." Plaintiff further notes that the TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of ... property, goods, or services ...." 47 U.S.C. § 227(a)(4). Plaintiff contends that the private right of action created by § 227(c)(5) should be read in harmony with this regulation, but such a reading would contravene the plain language of § 227(c)(5), which references only telephone calls, not telephone solicitations. In fact, § 227(a)(4)'s definition of a "telephone solicitation" as encompassing both "a telephone call and message" undercuts Plaintiff's argument; like the language in § 227(e), it suggests that messages are distinct from calls under the TCPA. Indeed, the case to which Plaintiff cites, *Wilson v. Skopos Financial, LLC*, reasoned that "the FCC has *expanded* the TCPA to apply to text messages," implicitly recognizing that the language of § 227(c)(5) itself does not include text messages. 2025 WL 2029274, at *4 (D. Or. July 21, 2025) (emphasis added).

*Id*.

2

6.      While the *Dilanyan* Court ultimately denied the defendant's motion to dismiss due to a Ninth Circuit decision that applied *Chevron* deference in adopting the FCC's interpretation of "call" to include "text," *id*. at *3, no such Eleventh Circuit authority exists.[1]

7.      Notably, notwithstanding the prior Ninth Circuit decision, the *Dilanyan* Court certified for interlocutory appeal the question whether text messages are "telephone call[s]" under Section 227(c)(5) of the TCPA. *Id*. at *5. The same question is on appeal in the Seventh Circuit. *See Steidinger, et al v. Blackstone Medical Servs.*, No. 25-2398 (7th Cir. Aug. 12, 2025).

8.      Kendo respectfully submits the *Dilanyan* decision as supplemental authority in support of its Motion.

Respectfully submitted this 12th day of December, 2025.

/s/ William E. Eye
Steven J. Rosenwasser (SBN GA 614908)
William E. Eye (SBN GA 688914)
Greenberg Traurig, LLP
3333 Piedmont Road NE, Suite 2500

---

[1] District Courts within the Eleventh Circuit have uniformly held post-*McLaughlin* that a text message is not a "telephone call" under Section 227(c)(5). *See* DE 51 (citing *Davis v. CVS Pharmacy, Inc.*, __ F. Supp. 3d __, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) (C.J. Winsor) ("[A] text message is not a 'telephone call.'"), *and El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *1 (M.D. Fla. Oct. 24, 2025) ("[T]he statutory text here is clear, and a text message is not a 'telephone call.'")).

3

Atlanta, GA 30305
Telephone:  678.553.2100
Facsimile:  678.553.2212
Email:        Steven.Rosenwasser@gtlaw.com
                 eyew@gtlaw.com

Lori Chang (SBN CA 228142) (*pro hac vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone:  310.586.7700
Facsimile:  310.586.7800
Email:        changl@gtlaw.com

*Attorneys for Defendant Kendo Holdings, Inc.*

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the text of this document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ William E. Eye*
William E. Eye

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 12, 2025, I electronically filed the foregoing **DEFENDANT KENDO HOLDINGS, INC.'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** with the CM/ECF efiling system, which will automatically send email notification of such filing to attorneys of record.

This 12th day of December, 2025.

*/s/ William E. Eye*
William E. Eye