ATTEST: A TRUE COPY
CERTIFIED THIS
Date: Mar 16 2026
KEVIN P. WEIMER, Clerk
By: Jennifer Brown
Deputy Clerk

## U.S. District Court
## Northern District of Georgia (Newnan)
### CIVIL DOCKET FOR CASE #: 3:23−cv−00214−LMM

Radvansky v. Kendo Holdings, Inc.  
Assigned to: Judge Leigh Martin May  
Cause: 47:227 Telephone Consumer Protection Act  

Date Filed: 11/09/2023  
Date Terminated: 02/12/2026  
Jury Demand: Both  
Nature of Suit: 485 Telephone Consumer Protection Act (TCPA)  
Jurisdiction: Federal Question  

**Plaintiff**

**Ethan Radvansky**  
*on behalf of himself and others similarly situated*

represented by **Aaron D. Radbil**  
Greenwald Davidson & Radbil, PLLC  
Suite 500  
5550 Glades Road  
Boca Raton, FL 33431  
561−826−5477  
Email: aradbil@gdrlawfirm.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Anthony I. Paronich**  
Paronich Law, P.C.  
Suite 2400  
350 Lincoln St.  
Hingham, MA 02043  
615−485−0018  
Email: anthony@paronichlaw.com  
*LEAD ATTORNEY*  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

**James Davidson**  
Greenwald Davidson & Radbil, PLLC  
Suite 500  
5550 Glades Road  
Boca Raton, FL 33431  
561−826−5477  
Fax: .  
Email: jdavidson@gdrlawfirm.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Steven Howard Koval**  
The Koval Firm, LLC  
Building 15, Suite 120  
3575 Piedmont Rd. NE  
Atlanta, GA 30305

                                        404−513−6651
                                        Fax: 404−549−4654
                                        Email: Steve@KovalFirm.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Kendo Holdings, Inc.**<br>*doing business as*<br>Fenty Beauty | represented by | **Lori Chang**<br>Greenberg Traurig, LLP− L. CA<br>1840 Century Park East<br>Suite 1900<br>Los Angeles, CA 90067<br>310−586−3863<br>Email: changl@gtlaw.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**William Evan Eye**<br>Greenberg Traurig, LLP − Atl<br>Terminus 200<br>3333 Piedmont Road, NE<br>Suite 2500<br>Atlanta, GA 30305<br>678−553−2132<br>Email: eyew@gtlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Eva M. Spahn**<br>Greenberg Traurig, LLP<br>Terminus 200<br>3333 Piedmont Rd NE<br>Suite 2500<br>Atlanta, GA 30305<br>678−553−2156<br>Email: Eva.Spahn@gtlaw.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Steven Rosenwasser**<br>Greenberg Traurig, LLP<br>Terminus 200, Suite 2500<br>3333 Piedmont Road NE<br>Atlanta, GA 30305<br>678−553−7388<br>Email: rosenwassers@gtlaw.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/09/2023 | 1 | COMPLAINT with Jury Demand filed by Ethan Radvansky. (Filing fee $402, receipt number BGANDC−13022950) (Attachments: # 1 Civil Cover Sheet)(jkb) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 11/09/2023) |
| 11/09/2023 | 2 | Electronic Summons Issued as to Kendo Holdings, Inc. (jkb) (Entered: 11/09/2023) |
| 11/17/2023 | 3 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Anthony Paronich. Clerk to follow−up by 11/27/2023. (djs) (Entered: 11/17/2023) |
| 11/17/2023 | 4 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to James Davidson. Clerk to follow−up by 11/27/2023. (djs) (Entered: 11/17/2023) |
| 11/17/2023 | 5 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Aaron D. Radbil. Clerk to follow−up by 11/27/2023. (djs) (Entered: 11/17/2023) |
| 11/20/2023 | 6 | APPLICATION for Admission of Aaron D. Radbil Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13043279). with Brief In Support by Ethan Radvansky. (Radbil, Aaron) Documents for this entry are not available for viewing outside the courthouse. (Entered: 11/20/2023) |
| 11/21/2023 |  | (APPROVED IN ERROR) APPROVAL by Clerks Office re: 6 APPLICATION for Admission of Aaron D. Radbil Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13043279).Attorney Aaron D. Radbil added appearing on behalf of Ethan Radvansky. E−filing access may be requested after an order granting the application is entered. (djs) Modified on 11/24/2023 (rvb). Modified on 11/24/2023 (rvb). (Entered: 11/21/2023) |
| 11/21/2023 | 7 | APPLICATION for Admission of ANTHONY PARONICH Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13047866).by Ethan Radvansky. (Koval, Steven) Documents for this entry are not available for viewing outside the courthouse. (Entered: 11/21/2023) |
| 11/22/2023 |  | APPROVAL by Clerks Office re: 7 APPLICATION for Admission of ANTHONY PARONICH Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13047866). Attorney Anthony Paronich added appearing on behalf of Ethan Radvansky. E−filing access may be requested after an order granting the application is entered. (djs) (Entered: 11/22/2023) |
| 11/22/2023 | 8 | APPLICATION for Admission of James L. Davidson Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13048753).by Ethan Radvansky. (Davidson, James) Documents for this entry are not available for viewing outside the courthouse. (Entered: 11/22/2023) |
| 11/24/2023 |  | RETURN of 8 APPLICATION for Admission of James L. Davidson Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13048753) to attorney for correction. Reason for Return: Local counsel must e−file the PHV application. (rvb) (Entered: 11/24/2023) |
| 11/24/2023 |  | RETURN of 6 APPLICATION for Admission of Aaron D. Radbil Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13043279). to attorney for correction. Reason for return: Local counsel must e−file PHV application. (rvb) (Entered: 11/24/2023) |

| | | |
|---|---|---|
| 11/24/2023 | 9 | APPLICATION for Admission of JAMES DAVIDSON Pro Hac Vice.by Ethan Radvansky. (Koval, Steven) Documents for this entry are not available for viewing outside the courthouse. (Entered: 11/24/2023) |
| 11/24/2023 | 10 | APPLICATION for Admission of AARON RADBIL Pro Hac Vice.by Ethan Radvansky. (Koval, Steven) Documents for this entry are not available for viewing outside the courthouse. (Entered: 11/24/2023) |
| 11/27/2023 | | APPROVAL by Clerks Office re: 9 APPLICATION for Admission of JAMES DAVIDSON Pro Hac Vice. (Application fee $ 100, receipt number AGANDC−13048753). Attorney James Davidson added appearing on behalf of Ethan Radvansky. E−filing access may be requested after an order granting the application is entered. (cpp) (Entered: 11/27/2023) |
| 11/27/2023 | | APPROVAL by Clerks Office re: 10 APPLICATION for Admission of AARON RADBIL Pro Hac Vice. (Application fee $ 100, receipt number AGANDC−13043279). Attorney Aaron D. Radbil added appearing on behalf of Ethan Radvansky. E−filing access may be requested after an order granting the application is entered. (cpp) (Entered: 11/27/2023) |
| 11/27/2023 | | MINUTE ORDER granting 7 , 9 , and 10 Application for Admission Pro Hac Vice. Entered by CRD at the direction of Chief U.S. District Judge Timothy C. Batten, Sr. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(usw) (Entered: 11/27/2023) |
| 11/29/2023 | 11 | Consent MOTION for Extension of Time to Respond to Complaint re: 1 Complaint, by Kendo Holdings, Inc.. (Attachments: # 1 Text of Proposed Order)(Spahn, Eva) Modified motion type on 11/30/2023 (dmb). (Entered: 11/29/2023) |
| 11/30/2023 | 12 | ORDER granting 11 Motion for Extension of Time to Answer. Kendo Holdings, Inc. Answer due 1/10/2024. Signed by Judge Timothy C. Batten, Sr. on 11/29/2023. (dmb) (Entered: 11/30/2023) |
| 12/18/2023 | 13 | STIPULATION *JOINT REPORT CONCERNING PRE−CLASS CERTIFICATION CONTACT WITH PUTATIVE CLASS MEMBERS* by Ethan Radvansky. (Koval, Steven) (Entered: 12/18/2023) |
| 01/09/2024 | 14 | NOTICE of Appearance by Steven Rosenwasser on behalf of Kendo Holdings, Inc. (Rosenwasser, Steven) (Entered: 01/09/2024) |
| 01/09/2024 | 15 | APPLICATION for Admission of Lori Chang Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13144236).by Kendo Holdings, Inc.. (Rosenwasser, Steven) Documents for this entry are not available for viewing outside the courthouse. (Entered: 01/09/2024) |
| 01/10/2024 | 16 | MOTION to Dismiss with Brief In Support by Kendo Holdings, Inc.. (Attachments: # 1 Brief Memorandum of Law in Support of Defendant Kendo Holdings, Inc,'s Motion to Dismiss Plaintiff's Complaint)(Rosenwasser, Steven) (Entered: 01/10/2024) |
| 01/11/2024 | | APPROVAL by Clerks Office re: 15 APPLICATION for Admission of Lori Chang Pro Hac Vice (Application fee $ 100, receipt number AGANDC−13144236). Attorney Lori Chang added appearing on behalf of Kendo Holdings, Inc. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 01/11/2024) |
| 01/12/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting 15 Application for Admission Pro Hac Vice. Entered by CRD at the direction of Chief U.S. District Judge Timothy C. Batten, Sr. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(usw) (Entered: 01/12/2024) |
| 01/12/2024 | 17 | Unopposed MOTION for Extension of Time file response to Defendant's motion to dismiss re: 16 MOTION to Dismiss with Brief In Support by Ethan Radvansky. (Attachments: # 1 Text of Proposed Order)(Radbil, Aaron) (Entered: 01/12/2024) |
| 01/12/2024 | 18 | ORDER granting 17 Unopposed MOTION for Extension of Time to file response to Defendant's 16 MOTION to Dismiss. Time is extended until 2/7/2024 and the defendant's reply is due 2/28/2024. Signed by Judge Timothy C. Batten, Sr. on 1/12/2024. (dmb) (Entered: 01/12/2024) |
| 01/24/2024 | 19 | Unopposed MOTION for Extension of Time to move for a determination under Fed. R. Civ. P 23(c)(1) as to whether the suit may be maintained as a class action with Brief In Support by Ethan Radvansky. (Attachments: # 1 Text of Proposed Order)(Radbil, Aaron) (Entered: 01/24/2024) |
| 01/26/2024 | 20 | ORDER granting 19 Unopposed MOTION for Extension of Time to move for a determination under Fed. R. Civ. P 23(c)(1) as to whether the suit may be maintained as a class action . Signed by Judge Timothy C. Batten, Sr. on 1/26/2024. (dmb) (Entered: 01/26/2024) |
| 02/07/2024 | 21 | RESPONSE in Opposition re 16 MOTION to Dismiss filed by Ethan Radvansky. (Radbil, Aaron) (Entered: 02/07/2024) |
| 02/23/2024 | 22 | Certificate of Interested Persons and Corporate Disclosure Statement by Kendo Holdings, Inc. identifying Corporate Parent LVMH Moet Hennessy Louis Vuitton, Corporate Parent LVMH Perfumes and Cosmetics, Inc., Corporate Parent LVMH Moet Hennessy− Louis Vuitton, Socit Europenne for Kendo Holdings, Inc.. (Rosenwasser, Steven) (Entered: 02/23/2024) |
| 02/27/2024 | | Clerk's Notation re 22 Certificate of Interested Persons/Corporate Disclosure Statement. Reviewed and approved by Chief U.S. District Judge Timothy C. Batten, Sr. (usw) (Entered: 02/27/2024) |
| 02/28/2024 | 23 | REPLY to Response to Motion re 16 MOTION to Dismiss filed by Kendo Holdings, Inc.. (Rosenwasser, Steven) (Entered: 02/28/2024) |
| 02/28/2024 | 24 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Ethan Radvansky. (Radbil, Aaron) (Entered: 02/28/2024) |
| 02/29/2024 | | Submission of 16 MOTION to Dismiss to District Judge Timothy C. Batten Sr.. (dmb) (Entered: 02/29/2024) |
| 03/14/2024 | 25 | SCHEDULING ORDER: re: 24 Joint Preliminary Report and Discovery Plan. The parties request for an 11−month discovery period is granted. Signed by Judge Timothy C. Batten, Sr. on 3/14/2024. (dmb) (Entered: 03/14/2024) |
| 07/09/2024 | 26 | NOTICE of supplemental authority in support of his response in opposition 21 to defendant's Motion to Dismiss 16 by Ethan Radvansky (Attachments: # 1 Exhibit (Cacho v. McCarthy & Kelly LLP))(Radbil, Aaron) Modified on 7/9/2024 to edit text(jkb). (Entered: 07/09/2024) |

| | | |
|---|---|---|
| 07/16/2024 | 27 | Plaintiff's Second Notice of supplemental authority in support of his response in opposition to Defendant's Motion to dismiss by Ethan Radvansky re 21 Response in Opposition to Motion, 23 Reply to Response to Motion, 16 MOTION to Dismiss (Attachments: # 1 Exhibit A)(Paronich, Anthony) Modified on 7/16/2024 (jkb). (Entered: 07/16/2024) |
| 08/13/2024 | 28 | ORDER denying 16 Motion to Dismiss. Signed by Judge Timothy C. Batten, Sr. on 08/13/2024. (jkb) (Entered: 08/13/2024) |
| 08/19/2024 | 29 | MOTION for Extension of Time to File Answer re 1 Complaint, with Brief In Support by Kendo Holdings, Inc.. (Attachments: # 1 Proposed Order Granting Motion for Extension of Time to Respond to Complaint)(Chang, Lori) (Entered: 08/19/2024) |
| 08/23/2024 | 30 | ORDER granting 29 MOTION for Extension of Time to File Answer re 1 Complaint, , Kendo Holdings, Inc. Answer due 9/10/2024. Signed by Judge Timothy C. Batten, Sr. on 8/23/2024. (jkb) (Entered: 08/23/2024) |
| 08/30/2024 | 31 | MOTION to Amend 28 Order on Motion to Dismiss with Brief In Support by Kendo Holdings, Inc.. (Attachments: # 1 Brief)(Rosenwasser, Steven) (Entered: 08/30/2024) |
| 09/09/2024 | 32 | RESPONSE in Opposition re 31 MOTION to Amend 28 Order on Motion to Dismiss filed by Ethan Radvansky. (Paronich, Anthony) (Entered: 09/09/2024) |
| 09/10/2024 | 33 | ANSWER to 1 COMPLAINT with Jury Demand by Kendo Holdings, Inc.. Discovery ends on 2/7/2025.(Chang, Lori) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 09/10/2024) |
| 09/20/2024 | 34 | REPLY to Response to Motion re 31 MOTION to Amend 28 Order on Motion to Dismiss filed by Kendo Holdings, Inc.. (Chang, Lori) (Entered: 09/20/2024) |
| 09/23/2024 | | Submission of 31 MOTION to Amend 28 Order on Motion to Dismiss , to District Judge Timothy C. Batten Sr. (jkb) (Entered: 09/23/2024) |
| 09/23/2024 | 35 | ORDER STAYING CASE pending the resolution of Kendo's petition for interlocutory appeal to the Eleventh Circuit. Granting 31 Motion to Amend. Signed by Judge Timothy C. Batten, Sr. on 9/23/2024. (dmb) Modified on 10/3/2024 (jkb). (Entered: 09/23/2024) |
| 10/03/2024 | 36 | MOTION for Appeal under 1292(b) by Kendo Holdings, Inc.. (Attachments: # 1 Exhibit Exhibit 1 to Petition, # 2 Exhibit Exhibit 2 to Petition)(Eye, William) (Entered: 10/03/2024) |
| 10/28/2024 | 37 | INSTRUCTIONS TO PARTIES AND COUNSEL Signed by Judge Timothy C. Batten, Sr. on 10/28/2024. (jkb) (Entered: 10/28/2024) |
| 03/25/2025 | 38 | Unopposed MOTION to Stay *Proceedings* with Brief In Support by Kendo Holdings, Inc.. (Rosenwasser, Steven) (Entered: 03/25/2025) |
| 03/26/2025 | 39 | ORDER granting 38 Motion to Stay. Signed by Judge Timothy C. Batten, Sr. on 03/26/2025. (jkb) (Entered: 03/26/2025) |
| 05/27/2025 | | Case Reassigned to Judge Leigh Martin May. Judge Timothy C. Batten, Sr. no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 3:23−cv−214−LMM. Please make note of this change in order to facilitate the docketing of pleadings in this case. (pdt) (Entered: 05/27/2025) |

| | | |
|---|---|---|
| 05/27/2025 | 40 | STANDING ORDER REGARDING CIVIL LITIGATION Signed by Judge Leigh Martin May on 5/27/2025. (bnp) (Entered: 05/27/2025) |
| 06/27/2025 | 41 | Unopposed MOTION to Stay *Proceedings*, Unopposed MOTION for Entry of Briefing Schedule with Brief In Support by Kendo Holdings, Inc.. (Attachments: # 1 Text of Proposed Order)(Rosenwasser, Steven) (Entered: 06/27/2025) |
| 06/30/2025 | 42 | ORDER granting 41 Motion to Stay; granting 41 Motion for Entry of Briefing Schedule. These proceedings are hereby stayed pending resolution of Kendo's forthcoming Rule 12 motion. The deadline for Kendo to file its Rule 12 motion is 08/04/2025; Plaintiff's response is due 09/04/2025; and Kendo's reply is due 09/25/2025. Signed by Judge Leigh Martin May on 06/30/2025. (jkb) (Entered: 06/30/2025) |
| 08/04/2025 | 43 | MOTION for Judgment on the Pleadings with Brief In Support by Kendo Holdings, Inc.. (Attachments: # 1 Memorandum in Support of Judgment on the Pleadings)(Chang, Lori) (Entered: 08/04/2025) |
| 08/22/2025 | 44 | Joint MOTION for Extension of Time File Response and Reply re: 43 MOTION for Judgment on the Pleadings with Brief In Support by Ethan Radvansky. (Paronich, Anthony) (Entered: 08/22/2025) |
| 08/25/2025 | 45 | ORDER granting 44 Motion for Extension of Time. Plaintiff's opposition brief shall be filed by 09/18/2025. Defendant's reply shall be due by 10/23/2025. Signed by Judge Leigh Martin May on 08/25/2025. (jkb) (Entered: 08/25/2025) |
| 09/18/2025 | 46 | RESPONSE in Opposition re 43 MOTION for Judgment on the Pleadings filed by Ethan Radvansky. (Radbil, Aaron) (Entered: 09/18/2025) |
| 09/25/2025 | 47 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) (Entered: 09/25/2025) |
| 10/14/2025 | 48 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's second notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) (Entered: 10/14/2025) |
| 10/23/2025 | | Submission of 43 MOTION for Judgment on the Pleadings to District Judge Leigh Martin May. (bnp) (Entered: 10/23/2025) |
| 10/23/2025 | 49 | REPLY BRIEF re 43 MOTION for Judgment on the Pleadings *(In Support of)* filed by Kendo Holdings, Inc.. (Attachments: # 1 Exhibit A – Dictionary Definitions)(Chang, Lori) (Entered: 10/23/2025) |
| 11/11/2025 | 50 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's third notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) (Entered: 11/11/2025) |
| 11/11/2025 | 51 | NOTICE by Kendo Holdings, Inc. re 43 MOTION for Judgment on the Pleadings *(Notice of Supplemental Authority in Support)* (Chang, Lori) (Entered: 11/11/2025) |
| 12/03/2025 | 52 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's fourth notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) (Entered: 12/03/2025) |
| 12/08/2025 | 53 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's fifth notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) |

| | | |
|---|---|---|
| | | (Entered: 12/08/2025) |
| 12/12/2025 | 54 | NOTICE by Kendo Holdings, Inc. re 43 MOTION for Judgment on the Pleadings *(Second Notice of Supplemental Authority in Support)* (Eye, William) (Entered: 12/12/2025) |
| 01/14/2026 | 55 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's sixth notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) (Entered: 01/14/2026) |
| 01/29/2026 | 56 | NOTICE by Ethan Radvansky re 46 Response in Opposition to Motion *(Plaintiff's seventh notice of supplemental authority in support of opposition to motion)* (Radbil, Aaron) (Entered: 01/29/2026) |
| 02/12/2026 | 57 | ORDER granting 43 Defendant's Motion for Judgment on the Pleadings. Plaintiff's Complaint is DISMISSED. The Clerk is DIRECTED to CLOSE this case. Signed by Judge Leigh Martin May on 02/12/2026. (jkb) (Entered: 02/13/2026) |
| 02/12/2026 | | Civil Case Terminated. (jkb) (Entered: 02/13/2026) |
| 02/13/2026 | 58 | CLERK'S JUDGMENT in favor of Defendant. (jkb)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 02/13/2026) |
| 03/11/2026 | 59 | NOTICE OF APPEAL as to 58 Clerk's Judgment, 57 Order on Motion for Judgment on the Pleadings by Ethan Radvansky. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC−15076418. Transcript Order Form due on 3/25/2026 (Radbil, Aaron) (Entered: 03/11/2026) |

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated*, | : : : |
| Plaintiff, | : : |
| v. | : : | CIVIL ACTION NO. 3:23-cv-00214-LMM |
| | : : |
| KENDO HOLDINGS, INC., *doing business as* Fenty Beauty, | : : : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant's Motion for Judgment on the Pleadings [43]. After due consideration, this Court enters the following Order.

**I.    BACKGROUND**

This action arises from telemarketing text messages Defendant sent to Plaintiff. Dkt. No. [1]. Plaintiff owns a cell phone, which he uses for personal purposes and not for a business. Id. ¶¶ 11–13. Plaintiff registered his cell phone number on the national do-not-call registry on April 18, 2023. Id. ¶ 14. Since that date, Plaintiff has received at least seventeen text messages from Defendant, which advertised and marketed Defendant's business. Id. ¶¶ 15–19. Plaintiff brings this suit as a putative class action, alleging that Defendant violated the

Telephone Consumer Protection Act ("TCPA") by sending him text messages after he registered with the national do-not-call registry. Id. ¶¶ 52–60. Defendant now moves for judgment on the pleadings. Dkt. No. [43].

## II.   LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, a party may file a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(c), (h)(2)(B). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); accord Cunningham v. Dist. Atty's. Off. for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010); Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227, 1232-33 (11th Cir. 2005).

A Rule 12(c) "'motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.'" WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1357 (N.D. Ga. 2007) (quoting Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994)); see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (stating that the standard under Rule 12(b)(6) and Rule 12(c) is the same).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 at 555).

At the motion to dismiss stage, "'all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.'" FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678. Nor will the Court "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Defendant moves for judgment on the pleadings, arguing that Plaintiff's sole claim fails for two separate and independent reasons. Dkt. No. [43-1]. First, Defendant argues that Plaintiff cannot bring suit under 47 U.S.C. § 227(c) because that provision does not apply to cell phone users. Id. at 13–14. Second, Defendant argues that Section 227(c)(5) applies only to phone calls and not text

3

messages. Id. at 14–15. Plaintiff opposes each of these arguments. Dkt. No. [46]. However, as explained below, the Court agrees with Defendant that Section 227(c)(5) does not apply to text messages, so the Court need not address Defendant's separate argument.

As an initial matter, the Court notes that the Supreme Court's decision in McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146 (2025), is informative in interpreting the TCPA. In McLaughlin, the Supreme Court held that the Hobbs Act does not preclude district courts from disagreeing with the FCC's interpretations of the TCPA. McLaughlin, 146 U.S. at 162. Thus, in light of McLaughlin, this Court must independently—and without deference to the FCC's decision—evaluate Defendant's argument that the term "telephone call" excludes text messages.

The Court begins its analysis with the "plain language of the provision to be interpreted." Pugliese v. Pukka Dev., Inc., 550 F.3d 1299, 1303 (11th Cir. 2008) (citation modified). If the Court finds the text to be clear, then the analysis ends there too. See Young v. Grand Canyon Univ., Inc., 980 F.3d 814, 819 (11th Cir. 2020). Here, Section 227(c)(5) creates a private right of action if a person "received more than one telephone call" in violation of the TCPA. 47 U.S.C. § 227(c)(5). As the only other district courts in the Eleventh Circuit to substantively take up this question have noted, "the statutory text here is clear, and a text

message is not a 'telephone call.'"¹ See Davis v. CVS Pharmacy, Inc., 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) (citation modified); Sayed v. Naturopathica Holistic Health, Inc., No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (quoting id.). While the analysis can end here, Plaintiff argues against this conclusion for four reasons, which the Court will address in turn.

First, Plaintiff argues that Section 227(c) regulates "telephone solicitations," which includes text messages. Dkt. No. [46] at 19–20. It is true that Section 227(c)(1) uses the term "telephone solicitations," which is defined to include "messages," but Section 227(c)(5)—the specific provision under which Plaintiff pursues a private right of action here—refers solely to "telephone calls." See 47 U.S.C. § 227(a)(4), (c)(1); cf. 47 U.S.C. § 227(c)(5). Thus, Congress's decision to use a different term "in a neighboring provision only undermines

---

[1] After the parties' briefing, Plaintiff filed several notices of supplemental authority to support its position. See Dkt. Nos. [47, 48, 50, 52, 53, 55, 56]. But none of the authority is binding on this Court and only one case comes from a district court in the Eleventh Circuit. See Dkt. No. [47] ¶ 4 (citing Bosley v. A Bradley Hosp. LLC, No. 25-CV-22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025). And in Bosley, the court did not substantively address the question because it appears the parties in that case did not dispute whether a text message constitutes a "call" under the TCPA. 2025 WL 2686984, at *5. Moreover, the cases that court cited to support its proposition were all issued before the Supreme Court's McLaughlin decision. See id. (collecting cases). Regardless, this Court is not bound by that decision.

[Plaintiff's] position" because "[i]t shows that Congress does not use the term 'telephone call' to encompass all 'messages.'" Davis, 797 F. Supp. 3d at 1274.

Second, Plaintiff argues that Section 227(c)(5) does not use the term "text message" because the TCPA was enacted before the first text message was sent. Dkt. No. [46] at 20–21. However, Congress has since amended the TCPA and specifically uses the term "text message" in a neighboring provision. See 47 U.S.C. § 227(e)(8)(C). Thus, "when Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." Fernandez v. Seaboard Marine LTD., 135 F.4th 939, 958 (11th Cir. 2025).

Third, Plaintiff cites the Supreme Court's decision in Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016), to support the proposition that a text message is included in the contemporary definition of the word "call."² Dkt. No. [46] at 21–22. However, in that case the Supreme Court "assumed, but did not decide," whether a text message falls into a broader prohibition of "any call" because it was not disputed.³ Davis, 797 F.Supp.3d at 1273; see Campbell-Ewald, 577 U.S. at

---

² Additionally, the Court is not persuaded by Plaintiff's request to adopt what he describes as the Ninth Circuit's approach in a case decided prior to McLaughlin. Dkt. No. [46] at 8, 21 (citing Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 953–54 & n.3 (9th Cir. 2009). Plaintiff identifies no such precedent in the Eleventh Circuit, and the Court finds none.

³ Plaintiff appears to dispute whether the Supreme Court's language in Campbell-Ewald is dicta. Dkt. No. [46] at 24, n.15. Regardless, that case discussed the term "any call" in Section 227(b)(1)(A)(iii) rather than "telephone call" in Section

6

156. Thus, the Supreme Court's prior decisions provide no "binding interpretation of the statutory term 'telephone call' at issue here." Davis, 797 F. Supp. 3d at 1273.

Finally, Plaintiff argues that a neighboring provision uses the term "call" to include prohibited transmission to a paging device as well as a telephone, which Plaintiff argues necessarily encompasses text transmissions. Dkt. No. [46] at 22–23 (citing 47 U.S.C. § 227(b)(1)(A)). Nevertheless, this provision refers to "any call" from "any automatic telephone dialing system" while Section 227(c)(5) refers specifically to a "telephone call." Thus, the Court is not persuaded that other terms in neighboring provisions encompassing other technology alter the plain reading of a "telephone call." Therefore, because the Court finds that text messages do not fall within the term "telephone call" under Section 227(c)(5), Plaintiff's claim fails as a matter of law.

## IV.  CONCLUSION

In accordance with the foregoing, Defendant's Motion for Judgment on the Pleadings [43] is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case.

---

227(c)(5). Campbell-Ewald, 577 U.S. at 156. And Plaintiff provides no binding support for his requested interpretation of Section 227(c)(5).

7

8

**IT IS SO ORDERED** this 12th day of February, 2026.

_____
**Leigh Martin May**
**Chief United States District Judge**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ETHAN RADVANSKY,<br>        Plaintiff,<br><br>vs.<br><br>KENDO HOLDINGS, INC.,<br>        Defendant. | CIVIL ACTION FILE<br><br>NO.  3:23-cv-00214-LMM |

## J U D G M E N T

This action having come before the court, Honorable Leigh Martin May, United States District Judge, for consideration of the Motion for Judgment on the Pleadings, and having granted said motion, it is

**Ordered and adjudged** that the action be **DISMISSED**.

Dated at Newnan, Georgia, this 13th day of February, 2026.

                                        KEVIN P. WEIMER
                                        CLERK OF COURT

                                By:    s/J. Brown
                                        Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
February 13, 2026
Kevin P. Weimer
Clerk of Court

By:  s/J. Brown
        Deputy Clerk

17

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ethan Radvansky, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Kendo Holdings, Inc., d/b/a Fenty Beauty, <br><br> Defendant. | ) Case No.: 3:23-cv-00214-TCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S NOTICE OF APPEAL

Ethan Radvansky gives notice that he appeals to the United States Court of Appeals for the Eleventh Circuit from this Court's February 12, 2026 order granting Kendo Holdings, Inc., d/b/a Fenty Beauty's motion for judgment on the pleadings, *see* ECF No. 57, and this Court's related February 13, 2026 judgment dismissing this matter. *See* ECF No. 58.

1

Date: March 11, 2026  /s/ *Aaron D. Radbil*
Aaron D. Radbil (*pro hac vice*)
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

Steve Koval
The Koval Firm, LLC
3575 Piedmont Rd NE
15 Piedmont Center Suite 120
Atlanta, GA 30305
Steve@KovalFirm.com

*Counsel for Plaintiff and the proposed class*